# IN THE UNITED STATES DISTRICT OF TEXAS
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JANET DENHAM,**<br>*Plaintiff* | § <br> § <br> § <br> § <br> § | |
| **VS.** | § <br> § <br> § | **CIVIL ACTION NO.** 2:18-cv-246 |
| | § <br> § | **JURY TRIAL REQUESTED** |
| **BARK RIVER TRANSIT, INC.**<br>**and IRA WADE HUDSON,**<br>**Individually**<br>*Defendants* | § <br> § <br> § <br> § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Janet Denham, Plaintiff, by and through her attorneys, the Law Offices of Thomas J. Henry, now come before this Court and complain of Bark River Transit, Inc. and Ira Wade Hudson as follows:

## I.   PARTIES

1.   Plaintiff Janet Denham is a citizen of Texas, residing in San Patricio County, Texas.

2.   Defendant Bark River Transit, Inc. is a Michigan Corporation with its principal place of business located at 1397 US Highway 2 Bark River, MI 49087-8908 and may be served with process by serving its registered agent, Donald T. Vanenkevort at 1397 US Highway 2 Bark River, MI 49087-8908.

3.   Defendant Ira Wade Hudson is a citizen of Michigan and, as a nonresident operator of a motor vehicle in Texas, may be served through the Chairman of the Texas Transportation Commission. Tex. Civ. Prac. & Rem. Code

section 17.061 *et. seq.* Process may be served upon J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th Street Austin, Texas 78701.

## II.    STATEMENT OF JURISDICTION AND VENUE

4.    Plaintiff Janet Denham is a citizen of Texas.  Defendant Bark River Transit, Inc. is a Michigan Corporation with its principal place of business located at 1397 US Highway 2 Bark River, MI 49087-8908.  Defendant Ira Wade Hudson is a citizen of Michigan. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5.    Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit (motor vehicle collision) occurred in Nueces County, Texas, which is within the Southern District of Texas.

6.    Plaintiff requests a trial by jury.

## III.    SUMMARY

7.    On or about September 28, 2017, Plaintiff Janet Denham was lawfully operating her vehicle southbound on Interstate 37 in Corpus Christi, Texas, when Defendant Ira Wade Hudson, who was acting in the course and scope of his employment with Bark River Transit, Inc., caused a collision between the commercial tractor-trailer rig he operated and Ms. Denham's vehicle.  The collision resulted in significant injuries to Plaintiff, as more fully set forth below.

## IV.  COUNT I – NEGLEGENCE OF IRA WADE HUDSON

8.    Plaintiff incorporates by reference herein all allegations set forth above.

9.      On September 28, 2017, Plaintiff Janet Denham operated her Chevrolet pick-up in a lawful manner while traveling southbound on Interstate 37 in Corpus Christi, Nueces County, Texas.

10.     Defendant Ira Wade Hudson was also traveling southbound on Interstate 37, beside the vehicle operated by Plaintiff.

11.     At all times relevant hereto, Defendant Ira Wade Hudson was acting within the course and scope of his employment with Defendant Bark River Transit, Inc.

12.     Defendant Ira Wade Hudson operated the tractor-trailer in a negligent manner and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the company commercial motor vehicle in one or more of the following respects:

   a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.     in failing to maintain a single lane of travel in violation of Section 545.060 of the Texas Transportation Code;

   c.     in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle; and

   d.     in failing to turn the vehicle in an effort to avoid the collision in question.

13.     Each of these acts and/or omissions of Defendant Ira Wade Hudson, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## V.     COUNT II – GROSS NEGLIGENCE OF IRA WADE HUDSON

14.     Defendant Ira Wade Hudson's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Ira Wade Hudson's conduct involved

an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant Ira Wade Hudson had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

15.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

### VI.     COUNT III – RESPONDEAT SUPERIOR /NEGLIGENCE OF BARK RIVER TRANSIT, INC.

16.     Defendant Bark River Transit, Inc. is liable under the theory of *respondeat superior* in that Defendant Ira Wade Hudson was acting within the course and scope of his employment with Defendant Bark River Transit, Inc. at the time the incident occurred. At a minimum, Defendant Ira Wade Hudson was operating a commercial motor vehicle under Bark River Transit Inc.'s motor carrier number and was a statutory employee.

### VII.     COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING / ENTRUSTMENT OF BARK RIVER TRANSIT, INC.

17.     Defendant Bark River Transit, Inc. was independently negligent in one or more of the following aspects:

a.     Negligent hiring;

b.     Negligent entrustment;

c.     Negligent driver qualification;

d.     Negligent training and supervision;

e.      Negligent retention;

f.      Negligent contracting; and

g.      Negligent maintenance.

18.    Defendant Bark River Transit, Inc. is liable for the negligent entrustment of its commercial motor vehicle to Ira Wade Hudson.  Defendant Bark River Transit, Inc. was the owner and/or DOT operator of the vehicle driven by Ira Wade Hudson at the time of the collision that makes the basis for Plaintiff's lawsuit.  Defendant Bark River Transit, Inc. negligently entrusted its vehicle to Ira Wade Hudson, whom Defendant Bark River Transit, Inc. knew or should have known was an unlicensed, incompetent and/or reckless driver.  Defendant Bark River Transit, Inc. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle.

19.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VIII.   COUNT V – GROSS NEGLIGENCE OF BARK RIVER TRANSIT, INC.

20.    Defendant Bark River Transit, Inc.'s conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Bark River Transit, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant Bark River Transit, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

21.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## IX.     DAMAGES

22.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to her neck, back, and other parts of her body generally.  The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.  As a further result of the nature and consequences of their injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

23.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

24.     As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

## X.     PRAYER FOR RELIEF

25.     WHEREFORE, Plaintiff is entitled to damages from the Defendants, and does hereby pray that judgment be entered in her favor and against the Defendants as follows:

a.      Pain and suffering in the past;

b.      Pain and suffering in the future;

c.      Mental anguish in the past;

d.      Mental anguish in the future;

e.      Past medical expenses;

f.      Future medical expenses;

g.      Physical impairment in the past;

h.      Physical impairment in the future;

i.      Physical disfigurement in the past;

j.      Physical disfigurement in the future;

k.      Loss of past wages;

l.      Loss of future wages; and

m.      Loss of wage earning capacity.

///

///

///

26.     Plaintiff further seeks any further and additional relief at law or in equity that this Court

may deem appropriate or proper.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601

BY:

THOMAS J. HENRY
STATE BAR NO. 09484210
CURTIS W. FITZGERALD, II
STATE BAR NO. 24012626
Email address: *cfitzgerald@tjhlaw*
**\*E-service address: *cfitzgerald-svc@tjhlaw.com***
**ATTORNEYS FOR PLAINTIFF**

**\*service by email to this address only.**